**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TIMOTHY BURNS   #94842**                                    **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 3:17cv180-HTW-RHW**

**SUPT. J. BANKS**                                            **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is [1] Petitioner Timothy Burns' March 20, 2017 petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254.   Superintendent J. Banks timely responded to the petition and filed the State Court Record.   [8], [9]   After reviewing and considering the pleadings, the records on file, and relevant legal authority, the undersigned is of the opinion that the petition for federal habeas relief should be denied.

<u>Facts and Procedural History</u>

Timothy Burns is presently incarcerated at Wilkinson County Correctional Facility in Woodville, MS, where he is serving two sentences of life without parole for convictions of capital murder.[1]   On July 22, 2014, a Copiah County grand jury indicted Burns in a four-count indictment charging him with two counts of capital murder (Counts One and Two), rape (Count Three) and third degree arson (Count Four).   [9-1, pp. 32-36]   The indictment also charged Burns as a habitual offender under Miss. Code Ann. § 99-19-81 based on his prior convictions of possession of cocaine, auto theft and grand larceny.   At the arraignment on August 1, 2014, the court set Burns' trial for November 10, 2014.   Represented by three attorneys,[2] on October 3, 2014, Burns executed a petition to plead guilty to the capital murders.

---

[1] Burns was confined at South Mississippi Correctional Institution when he filed this petition.

[2] The trial court appointed M.A. Bass and Renee Berry in August 2014. [9-1, pp. 39-40]   Andre DeGruy of the Office of State Public Defender spoke for Burns at his plea hearing and sentence.

In his plea hearing, Burns stated under oath that he had read and gone over the petition with his attorneys who had explained it all to him, and that he understood everything.[3]    The trial court advised him of the rights he would waive by pleading guilty and Burns indicated he understood all those rights and that he was waiving or giving them up by pleading guilty.    He acknowledged that his lawyers had explained, and he understood, the nature of the offenses to which he was pleading, the maximum and minimum penalties for the offenses and the elements the state would have to prove to convict him of the crimes.    Burns indicated he had made sure his lawyers knew all the facts and circumstances surrounding the cases, that his lawyers had advised him of possible defenses, and he was satisfied with the advice and representation and assistance his three lawyers had provided him in the matter; he had no problems with his lawyers.    Asked whose decision it was to plead guilty, Burns responded, "Mine, sir."    Burns denied that anyone had used any force, threats, or intimidation against him to compel him to plead guilty; he denied he was under the influence of any kind of drug or alcohol and affirmed that he was not undergoing any type of mental treatment at either the time of the commission of the crimes or the time of the plea.    He further affirmed that he was fully aware of what he was doing and was pleading guilty because he is, in fact, guilty of the crimes.

The trial court cautioned Burns to "listen carefully" as the prosecutor advised the court of the facts in the cases because the court wanted "to make sure this is the truth."    The prosecutor then recited that Burns was charged with two counts of capital murder, each of which carried a potential death penalty if set by the jury, or a sentence of life without parole.    The prosecutor continued that the State would have to prove as to Count I, that Burns kidnapped Atira Hill-Smith from Hinds County and transported her to Copiah County, and while engaged in the crime

---

3 In addition to signing, Burns initialed each page of the petition. [9-1, pp. 47- 53]

of kidnapping, Burns killed Hill-Smith by twice shooting her with a shotgun; and as to Count II, that Burns kidnapped Jaidon Hill from Hinds County and transported him to Copiah County, and while engaged in the crime of kidnapping, Burns killed Hill by shooting him with a shotgun. When the trial court asked Burns if that was correct, he responded, "Yes, sir."

The court advised, and Burns acknowledged his understanding, that the court was not bound by any plea bargain agreement between his lawyers and the prosecutor and the court could sentence him to the maximum penalties allowed under law.   Burns entered his guilty pleas, which the court accepted, finding him guilty of the two capital murders.   Burns had nothing to say prior to imposition of sentence, and the court sentenced him to serve two consecutive sentences of life imprisonment without parole.[4]    [9-2, pp. 2-14], [9-1, pp. 54]

On January 12, 2015 Burns filed a motion for post-conviction relief in the state court, seeking to withdraw his guilty pleas as involuntarily entered, claiming he was under the influence of psychiatric medication at the time of the pleas; that his attorney coerced him to plead guilty; and that he was poorly treated by jail staff during his detention in Copiah County. [9-1, pp. 10-18]   On January 22, 2015, the trial court denied the post-conviction motion.   [9-1, pp. 29-30]   Burns appealed, asserting (1) lack of a factual basis for his plea; (2) his indictment was defective for not including the phrase "malice aforethought" in the capital murder counts; (3) the trial court failed to require a competency hearing or (4) to advise him of the minimum and maximum penalties for the charges against him; and (5) ineffective assistance of counsel.   On March 15, 2016, the Mississippi Court of Appeals affirmed the denial of post-conviction relief. The appellate court's holdings are summarized as follows:

(1) Burns' sworn statements in his petition to plead guilty that he participated in the kidnapping of each of the victims in which each of them was killed, his agreement

---

[4] The court did not find Burns guilty as a habitual offender, and dismissed Counts Three and Four of the indictment (the rape and arson charges). [9-1, p. 54]

with the facts recited by the State at the plea hearing, and his agreement that he was
pleading guilty because he was guilty provided adequate factual basis to support his
guilty pleas.

(2) "Malice aforethought" is not an element of capital murder committed while engaged
in the commission of kidnapping; the indictment tracked the language of the statute
defining his crimes and provided Burns with proper notice of the charges against him.

(3) Burns failed to carry his burden to show by substantial evidence that his competency
to stand trial was in question since he swore in his petition to plead guilty that he was
not under the influence of drugs or alcohol and suffered from no mental illness at
either the time of the crimes or the time of the plea; he affirmed that he entered his
plea freely and voluntarily and of his own accord with full understanding of all
matters set out in the indictment; he responded "No" when directly asked in the trial
court if he were undergoing mental treatment; and he affirmed that he was fully aware
of what he was doing by pleading guilty.

(4) Burns failed to provide evidence to show his plea was involuntary for lack of advice
as to the potential penalties for capital murder as the record reflects in both his sworn
plea petition and the plea hearing that he was repeatedly told the maximum and
minimum penalties for his crimes and he acknowledged under oath that his counsel
explained, and he understood, the penalties.

(5) Burns failed to meet the *Strickland*[5] standard on his claims of ineffective assistance
of counsel, *i.e.*, that his attorney (he does not specify to which of his three attorneys
he refers) failed to object to the court's not requiring Burns to state on the record
exactly what he did with respect to the crimes, failed to investigate the capital
murders and urged him to plead guilty.   However, he provided nothing to support his
bare assertions.   The record clearly shows Burns had an opportunity to disagree with
the factual basis recited by the prosecutor, and instead he agreed that the facts stated
by the prosecution were correct.   He also stated under oath in his petition to plead
guilty and in open court that he was satisfied with the representation and assistance
provided by his attorneys, and he was pleading guilty because he was guilty.

*Burns v. State*, 187 So.3d 1080 (Miss. Ct. App. 2016).

Burns signed his federal habeas petition on March 15, 2017, raising only two grounds for

relief:  Ground One - no factual basis to support the guilty plea; and Ground Two – defense

counsel failed to request a competency hearing or evaluation.   [1]   These grounds were urged

before the state supreme court and addressed on the merits in Burns' post-conviction appeal.

---

5 *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241,

*et seq.* controls the scope of federal habeas review of claims by persons under state court

convictions and sentences.   Burns' petition is reviewed under 28 U.S.C. § 2254, which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment of a State court, a determination of a
> factual issue made by a State court shall be presumed to be correct.   The applicant
> shall have the burden of rebutting the presumption of correctness by clear and
> convincing evidence.

The reviewing habeas court defers to the state court's factual findings, which are presumed

correct unless the Petitioner proves otherwise by clear and convincing evidence.   *Schriro v.*

*Landrigan*, 550 U.S. 465, 473−74 (2007).

Subsection (d)(1) applies to questions of law and mixed questions of fact and law such as

those presented in the instant case.   *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999), *reh'g*

*denied* April 28, 2000.   Federal habeas relief is not available unless this Court finds the state

court decision was contrary to, or involved an unreasonable application of, clearly established

federal law to the facts.   Clearly established Federal law is that which exists at the time of the

last state court decision on the merits of the claim.   *Greene v. Fisher*, 565 U.S. 34, 40 (2011).

A state court decision is contrary to federal law if it applies a rule different from the governing

law set forth in United States Supreme Court decisions or if it reflects a conclusion opposite to one reached by the Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. 362, 407-412 (2000); *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision unreasonably applies federal law if it correctly identifies the governing law but applies it unreasonably to the facts of the case; this must be an objectively unreasonable application of federal law, not merely an erroneous or incorrect application. *Williams*, 529 U.S. at 407-408; *Bell*, 535 U.S. at 594. As the Court stated in *Schriro*, 550 U.S. at 473, the question under AEDPA "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold...." *See also Renico v. Lett*, 559 U.S. 766, 773 (2010).

Burns first argues there was no factual basis to support his guilty plea. "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985)); *see also Brady v. United States*, 397 U.S. 742, 747 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") As noted above, the records before this Court, particularly Burns' petition to plead guilty and the transcript of his guilty plea, show Burns was fully aware of the charges against him, the potential sentences (death or life without parole) for the crimes, and the rights he was giving up by pleading guilty; he admitted participating in the kidnapping of the victims in which they were killed; he agreed with the facts recited by the state's attorney at the hearing; he affirmed that he was guilty of the crimes and that he was pleading guilty because he is guilty. He denied his plea resulted from any force, threats, intimidation or promises; he denied he was under the influence of any drug or alcohol, or that he

was under any mental treatment at the time of the commission of the crimes or the time of the plea.   The state appellate court found it clear that, "Burns assented on the record, and under oath, to the factual basis for each charge of capital murder."   Burns has produced no clear and convincing evidence to overcome the presumptive correctness of the factual findings of the appellate court.   Furthermore, "State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that an inquiry is needed."   *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986).   As the court stated in *Rogers v. Maggio*, 714 F.2d 35, 38 n.5 (5th Cir. 1983), "failure to provide a factual basis for a guilty plea presents a constitutional claim relating to the knowing and voluntary aspect of the plea only when the defendant proclaims his innocence while pleading guilty."   (citing *Willett v. Georgia,* 608 F.2d 538, 540–41 (5th Cir. 1979)).   *See also*, *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir. 1983) ("due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless, as we held in *Willett,* the state judge is put on notice that there may be some need for such an inquiry").   Burns did not assert his innocence during his plea.   The undersigned finds no basis for federal habeas relief under Ground One.

A prisoner's claim of ineffective assistance of counsel is governed by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that the prisoner show (1) deficient performance, *i.e.*, that counsel's performance fell below an objective standard of reasonableness, *and* (2) prejudice, *i.e.*, that but for counsel's errors the result of the proceeding would have been different, or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable.   *Id.*, at 687-694; *Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1999); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998); *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. ), *cert. denied*, 116 S.Ct. 557 (1995).   To meet the prejudice prong, Burns was

required not merely to allege prejudice, but to prove it.   *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. ), *cert denied* 476 U.S. 1143 (1986).   The prisoner must satisfy both prongs of the *Strickland* test.   *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

There is no constitutional right to error-free representation.   *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert denied*, 466 U.S. 949 (1982).   Judicial scrutiny of an attorney's performance is highly deferential, requiring "every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."   *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).   There is a strong presumption that counsel has exercised reasonable professional judgment, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards.   *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986); *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).

The state courts judged Burns' ineffective assistance claim by the *Strickland* standard and found he failed to make the required showing.   The question before this Court, then, "is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).   For federal habeas purposes, "the test is *not* whether [the petitioner made the showing required under *Strickland* ].   Instead, the test is whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland* ), for succeeding on his [ineffective assistance of counsel] claim." *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004); *see also Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009) (doubly deferential judicial review standard applies to *Strickland* claim evaluated under § 2254(d)(1)).   To obtain habeas relief from a federal court, "a state prisoner

must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 787-788. The burden is on the petitioner to overcome any reasonable argument supporting the state court decision. The state court "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself…" *Id.* at 778; *see also Premo v. Moore*, 131 S.Ct. 733 (2011). To determine whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard, federal courts apply a doubly deferential process, taking "a 'highly deferential' look at counsel's performance [under *Strickland*]" through the "deferential lens" of § 2254(d). *Cullen v. Pinholster*, 131 S.Ct. 1388, 1392 (2011).

Burns urges his attorneys were ineffective because they did not request a competency hearing or evaluation, claiming counsel knew he had attempted suicide, that he was undergoing mental treatment and on psychiatric medicine, and that he was receiving "inhumane treatment" in the county jail. In addressing the issues regarding competence and ineffective assistance of counsel, the state court held Burns failed to show his competency to stand trial was in question: his sworn petition to plead guilty and in open court, he stated he was not under the influence of drugs or alcohol and suffered from no mental illness at the time of the crimes or the plea; he affirmed his pleas were freely and voluntarily entered of his own accord, with full understanding of all matters set out in the indictment; when the trial court asked if he were undergoing any mental treatment, he responded "No;" and he affirmed that he was fully aware of what he was doing by pleading guilty and was pleading guilty because he was guilty. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against a defendant. *See United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). The waiver "includes claims of

ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."  *U.S. v. Glinsey*, 209 F.3d 386 (5th Cir. 2000).

While the record does not indicate whether a competency hearing was conducted, it does show that on August 13, 2014, defense counsel filed a motion for mental examination of Burns on grounds that "no reasonable person would commit [the crimes charged] unless that person was substantially mentally deficient."   The motion also states Burns has insufficient education to understand the crimes/penalties, has difficulty communicating with the court and his attorney, and that counsel is sometimes unable to communicate with him.   However, as Respondent points out, defense counsel certified in the petition to plead guilty that he had discussed all contents of the petition with Burns and was "satisfied that [Burns] fully understands same and … executes said petition knowingly and voluntarily, and [counsel knew] of no reason why the court should not accept [Burns'] guilty plea."   [9-1, pp. 43-44, 53]   Neither Burns, nor any of his three lawyers made any representation at the plea hearing that Burns' competency was at issue. The record before this Court provides no basis for finding the state court's rejection of Burns' claim of ineffectiveness of counsel was contrary to or involved an unreasonable application of *Strickland.*   Under the doubly-deferential standard applicable to this claim in this Court, the undersigned finds the state decision involves nothing contrary to clearly established federal law, no unreasonable application of clearly established federal law, and no unreasonable determination of the facts in light of the evidence, thus federal habeas relief is not warranted under Ground Two.

This Court's function on habeas review is not to determine whether the petitioner is guilty or innocent or to retry the case; this Court is charged with assuring that the petitioner's constitutional rights were preserved in the state court proceedings.   Under the governing statute, this Court does not hold an evidentiary hearing on claims the petitioner could have developed in

state court, but did not.    Burns has not met the narrow restrictions required for an evidentiary

hearing under 28 U.S.C. § 2254(e)(2): he has not shown his claims rely on any previously

unavailable new rule of constitutional law expressly made retroactive to his case, or that the

factual predicate for his claims could not have been previously discovered through exercise of

due diligence; nor has he shown the facts underlying the claim would "establish by clear and

convincing evidence that but for constitutional error, no reasonable factfinder would have found

[him] guilty…"    No evidentiary hearing is required where, as here, the issues raised can be

resolved by reference to the state court record and habeas relief is precluded under the limitations

of § 2254(d).    *Cullen v. Pinholster*, 131 S.Ct. at 1399, citing *Schriro v. Landrigan*, 550 U.S.at

474.    Under the state-court record and applicable law, the undersigned finds a paper hearing

sufficient to afford Burns a full and fair hearing on the claims he raises.    *See Clark v. Johnson*,

202 F.3d 760, 766 (5th Cir. 2000).

## RECOMMENDATION

Based on the foregoing, the undersigned finds federal habeas relief unwarranted under

either of the grounds Burns asserts, and recommends that his habeas petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation a party

may file with the Clerk of Court, and serve upon on the other party/parties, written objections to

the Report and Recommendation, specifically identifying the findings, conclusions, and

recommendations to which he objects.    *L.U.Civ.R.* 72(a)(3).    The District Court need not

consider frivolous, conclusive, or general objections.    Within seven days after service of the

objections, the opposing party/parties must either serve and file a response or notify the district

judge that they do not intend to respond to the objections.    Absent timely objections, one may

not attack on appeal any proposed factual finding or legal conclusion accepted by the District

Court, except on plain error grounds.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 10th day of October 2019.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE